## B. Fletcher *vs.* J. Fletcher.

A DEPOSITED in the hands of B certain promissory notes to be collected. Soon afterwards, process of foreign attachment was served upon B, as the trustee of A.   A then demanded the notes of B, who refused to deliver them, on the ground that he had been summoned as the trustee of A.    In an action of trover brought by A against B for the conversion of the notes, the refusal by B to deliver the notes was *held* not to be evidence of a conversion.

THIS was an action of trover for three promissory notes, and was submitted to the decision of the court upon the following facts :

On the 11th February, 1834, the plaintiff placed in the hands of the defendant three promissory notes, which were payable to order, to be collected by the defendant.

On the 24th February, 1834, one Lemuel Miller commenced an action against this plaintiff, in which this defendant was summoned as trustee.

On the 28th February, 1834, after the trustee process was served upon the defendant, the plaintiff drew an order in writing, directing the defendant to deliver the notes to one J. Mitchell.

On the 6th March, 1834, Mitchell presented the order to

the defendant and demanded the notes.    The defendant refused to deliver the notes to Mitchell, assigning as a reason that he had been summoned as trustee as aforesaid, and dared not to deliver them.    This action was commenced on the 10th March, 1834, and on the 15th April following the defendant received the contents of the notes from the makers.

*Gilchrist*, for the plaintiff.

*Handerson*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

In trover the conversion is the very gist of the action, and the question in this case is, whether the facts stated show a conversion ?

Where there is a tortious taking of goods, this is in law a conversion.    But when the goods came lawfully into the hands of the defendant, as by finding, or by delivery of the owner, then in order to maintain trover, some tortious act subsequently done, and amounting to a conversion, must be shown.

In general, a demand of the goods by the plaintiff, and a refusal by the defendant to deliver them, is proof of a conversion.

But to this rule there are exceptions.    Thus, where the refusal to deliver the goods on the demand may under the circumstances be considered only as the result of a reasonable hesitation in a doubtful matter, it is not evidence of a conversion.    5 *N. H. R.* 225, *Robinson* vs. *Burleigh.*

We are of opinion that this case comes within the exception ; and, that the refusal of the defendant to deliver the notes, was not, under the circumstances, evidence of a conversion.

It is true, that the notes in the hands of the defendant could not be considered as money, goods, chattels, rights or credits, within the meaning of the act directing the proceed-

ings against the trustees of debtors. *5 N. H. R.* 193, *The N. H. I. F. Company* vs. *Platt.* But whether they could be so considered was a question which he was not bound to decide at his peril. And we are of opinion that he had a right to retain the notes until that question was settled by the proper tribunal, or an indemnity tendered to him to save him harmless from the trustee process. It was so held in the case just cited from *5 N. H. R.* 193.

We are, therefore, of opinion that there must be

*Judgment for the defendant.*