## Clement *vs.* Leverett & a.

A principal accepted bills of exchange, drawn on him by his agent, payable to the order of the agent, who agreed to get them discounted for the benefit of the principal. The agent, assuming to be the owner of the bills, pledged them to a *bonâ fide* holder, to secure money borrowed for his own use—*Held,* that the principal, having enabled the agent to hold himself out as owner, was bound by the pledge.

ASSUMPSIT, upon two bills of exchange, for $1200 each, dated November 16th, 1837, and payable, one in twelve, and

the other in fifteen months, drawn by Gordon Burley, payable to his own order, and accepted by the defendants.

It appeared in evidence, that the bills were drawn by Burley, and accepted by the defendants, in order that Burley might get them discounted for their benefit, and remit the money to them as soon as he could, but not later than January, 1838. He gave them a receipt for the bills, specifying the purpose for which he received them.

About the first of December, 1837, Burley applied to the plaintiff, and wanted to raise money on the bills, which the plaintiff declined furnishing, unless he could have further security. Burley procured a surety, and on the 23d of December the plaintiff 'loaned' him $2200, receiving their joint and several note, and these bills as collateral security for the payment of the note, which was payable on demand; but it was expected that the bills were to pay the note, the surety saying at the time that he considered the defendants good.

A verdict was taken for the defendants, by consent, judgment to be rendered upon it, or for the plaintiff, for the amount claimed, according to the opinion of the court upon the foregoing case.

*S. D. Bell, Quincy, & Bartlett,* for the plaintiff, cited 12 *Wend. R.* 593, *Ontario Bank* vs. *Worthington;* 21 *Wend. R.* 499, *Bank of Salina* vs. *Babcock;* 13 *Mass. R.* 105, *Jarvis* vs. *Rogers;* 15 *Mass. R.* 389; 1 *Bos. & Pul.* 648, *Collins* vs. *Martin; Payley on Agency, by Lloyd,* 233.

*Perley, & Jos. Bell,* for the defendants, cited *Williams* vs. *Little, Grafton, July,* 1840; 5 *Johns. Ch. R.* 57, *Coddington* vs. *Bay.*

PARKER, C. J. We have held, that where a promissory note is indorsed, and transferred in pledge, merely as collateral security, the general property remaining in the indorser, the holder takes it like a chose in action not negotiable, sub-

ject to any defence that might be made to it, in the hands of the indorser, arising prior to the time when notice is given of the indorsement. *Williams* vs. *Little* (11 *N. H. Rep.* 60;) *Jenness* vs. *Bean*, (10 *N. H. Rep.* 266.) It makes no difference whether it is indorsed as security for an existing debt, or for value received at the time.

In the cases just cited, no question arose respecting the rights of parties who deal with one who is in fact an agent, but who is trusted, and enabled to hold himself out, and actually makes a transfer, as if he was the owner. The question arising in those cases was, merely, whether the rule, that an indorsee taking before due, without notice, takes the paper exonerated from defences which might have been made against it in the hands of the indorser, was to be applied in cases where the indorsee had not taken the bill or note as his own property, but held it as a security, the general property remaining in the indorser. We were of opinion that the defence might be made, notwithstanding the indorsement, because of the general ownership which remained in the indorser. A recovery upon the instrument was for his benefit in fact, although if he were insolvent it would also be for the benefit of the indorsee.

Some of the reasons existing in those cases are applicable here ; but there is another principle, of earlier application, and of paramount influence in this case.

The defendants entrusted Burley with these bills, accepted by them, and thereby enabled him to hold himself out as the owner of them, and the defendants as the debtors of himself, or any one else to whom he might transfer them. The acceptance was an admission that they had funds of Burley in their hands, or that they were indebted to him to that amount. 3 *D. & E.* 182, *Vere* vs. *Lewis;* 21 *Wend. R.* 502, *Griffith* vs. *Reed;* 15 *Maine R.* 131, *Kendall* vs. *Galvin;* 2 *Wheat. R.* 389, *Raborg* vs. *Peyton.*

It does not perhaps appear, affirmatively, from the case, that the money raised upon the pledge of the bills has not

Clement *v.* Leverett.

come to the hands of the defendants—that the transaction was not, in effect, as has been argued, a discounting of the bills to the amount of $2200, with a pledge of the personal liability of Burley, and his surety, as security for the discount. But assuming that Burley abused the confidence reposed in him, the defendants, who entrusted him with these negotiable evidences of debts against themselves, must bear the loss, if there is any, and not the plaintiff, who dealt with him in the character which the defendants had expressly enabled him to assume. The plaintiff is a *bona fide* holder without notice. 1 *Livermore on Agency* 304; 1 *B. & Pul.* 648, *Collins* vs. *Martin;* 22 *Pick. R.* 274, *Washington Bank* vs. *Lewis; Story on Agency* 221. And see, also, 22 *Wend. R.* 348, *Commercial Bank of Buffalo* vs. *Kortright;* 17 *Pick. R.* 159, *Lime Rock Bank* vs. *Plympton;* 15 *East* 38; *Ditto* 400; 7 *N. H. Rep.* 452; (11 *N. H. Rep.* 403, *Beard* vs. *Kirk;*) *Despatch Line of Packets* vs. *Bellamy Man. Co. & Trustees, ante* 205.

And it makes no difference, in this view of the case, that the plaintiff has the note of Burley, with a surety, who by the collection of the bills will be exonerated. He relied, it seems, upon the validity of the bills, as evidence of debt against the defendants, and upon Burley's unlimited right to dispose of them, when he became surety. There is no equity, therefore, which should compel the plaintiff to resort to him.

*Verdict set aside, and judgment for the plaintiff.*